UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Civil 07-4623 JRT/FLN |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Gerald O. Christenson and Anita R. Christenson, | |
| Defendants. | |

**THIS MATTER** came before the undersigned United States Magistrate Judge for a hearing on May 30, 2008, on Plaintiff's Motion for Default Judgment [#16]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Plaintiff's motion be granted.

**I.  FINDINGS OF FACT**

**A.  Procedural History**

Plaintiff initiated this action against Gerald O. and Anita R. Christenson ("the Christensons") on November 15, 2007. (*See* Complaint, Docket No. 1.)  The Summons and Complaint were personally served upon the Christensons on December 6, 2007. (*See* Summons, Docket Nos. 2, 3.) On February 8, 2008, Plaintiff filed an Application for Entry of Default [#5]. On February 20, 2008, the Clerk of Court filed an Entry of Default [#7]. The Christensons have not filed any responsive pleadings. Instead, the Christensons have returned any documents that have been sent to them with a notation that they refuse the documents. (See Docket No. 4, 9, 10, 11.)

On May 15, 2008, the Christensons filed for bankruptcy. A Notice of Filing Bankruptcy [#121, Civil No. 06-3667 (JRT/FLN); #51, Civil No. 07-4175] was filed in two other cases involving the Christensons, but not in this case. On August 6, 2008, the undersigned issued an Order [#21]

declaring that this action is not stayed and allowing the parties until August 11, 2008, to file a Notice of Filing Bankruptcy in this case, if they believe this action is subject to the mandatory bankruptcy stay. At this time, no Notice of Filing Bankruptcy has been filed in this case.

**B.     Factual Allegations**

Plaintiff alleges that the Christensons have filed a document titled "UCC FINANCING STATEMENT" and other fictional legal documents with the Iowa Secretary of State. (Compl. ¶¶10-13.) The documents create a fictional liens against IRS Revenue Officer Richard A. Wallin in the total amount of $600,000.00. (*Id*. at ¶14.) Plaintiff alleges that these documents do not represent actual debts that Wallin owes to the Christenson, instead they were filed with the intent to "harass a federal officer or employee in his personal life for the performance of his official duties." (*Id*. at ¶15.) The documents filed by the Christensons hinder Wallin in his personal financial affairs. Plaintiff seeks the following requested relief in their complaint:

> A.    That the Court determine, adjudge, and declare the above-described documents filed by the defendants . . . to be null, void, and of no legal effect;
>
> B.    That the Court grant permission to record the Court's judgment entered herein, in the public records of Iowa and in the public records of any other jurisdiction where similar claims or liens may be filed by the defendants;
>
> C.    That the Court permanently enjoin the defendants, Anita R. Christenson and Gerald O. Christenson, their agents, employees, and all others in active concert or participation with them, from filing or attempting to file, any document or instrument which purports to create any nonconsensual lien or encumbrance against the person or property of Richard A. Wallin or any judicial officer or Government employee or officer;
>
> D.    That the United States of America be awarded its costs and reasonable attorneys' fees incurred in this action.

(Compl. 5-6.)

**II. CONCLUSIONS OF LAW**

Federal Rule of Civil Procedure 55 provides that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk shall enter the party's default.  Fed. R. Civ. Proc. 55.  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.  Fed. R. Civ. Proc. 55(b)(1).  In all other cases, the party entitled to a judgment by default shall apply to the court.  Fed. R. Civ. Proc. 55(b)(2).

It appears to the Court, based upon summons filed on December 20, 2007, that Defendants were personally served with the summons and complaint on December 6, 2007.  It further appears, from the absence of any responsive pleading in the file, that Defendants have failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure. Accordingly, Plaintiffs' motion for default judgment should be granted.

Plaintiff must be awarded the relief sought in the Complaint, namely a declaration that the "UCC FINANCING STATEMENT" and other fictional legal documents filed by the Christensons on August 31, 2005, with the Iowa Secretary of State are null, void and without legal effect and an injunction preventing the Christensons from filing similar documents in the future.  In a case with nearly identical facts, *United States v. Hart*, the Eight Circuit affirmed a District Court's award of the exact same relief sought by the Plaintiff here.  701 F.2d 729, 750 (8th Cir. 1983).  In that case, the Eight Circuit held that "26 U.S.C. §7402(a) gives the District Court jurisdiction 'to render such judgments and decrees as may be necessary or appropriate for the enforcement of the Internal Revenue laws.'" *Id*.  Here, the Court finds that the relief sought by the Plaintiff is necessary for the

3

enforcement of the Internal Revenue laws and must be ordered by the Court..

### III. RECOMMENDATION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion for Default Judgment be **GRANTED**.

DATE: August 29, 2008           *s/ Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 18, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 18, 2008,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and therefore is not appealable to Court of Appeals.