## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 07-4623 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| GERALD O. CHRISTENSON and ANITA R. CHRISTENSON, | |
| Defendants. | |

Mary E. Bielefeld, **UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION**, P.O. Box 7238, Ben Franklin Station, Washington, D.C. 20044, for plaintiff.

Gerald O. Christenson and Anita R. Christenson, 25896 County Road 1 E, Wendell, MN 56590, defendants *pro se*.

This case is before the Court on defendants Gerald O. Christenson and Anita R. Christenson's objection to a Report and Recommendation issued by United States Magistrate Judge Franklin L. Noel. After a *de novo* review of that objection, *see* 28 U.S.C. § 636(b); Local Rule 72.2(b), the Court adopts the Report and Recommendation for the reasons given below.

## BACKGROUND

On June 28, 2005, IRS Revenue Officer Richard A. Wallin sent letters to Gerald O. Christenson and Anita R. Christenson, informing them that the IRS intended to collect their unpaid federal taxes. (Compl. ¶6.) On August 31, 2005, the Christensons filed a series of documents with the Iowa Secretary of State. (*Id.* ¶¶7-8.) These

documents purported to show that the Christensons had won "default judgments" against Wallin personally, in the amount of $300,000.  (*Id.* Ex. A, B.)  The documents also purported to show that the Christensons held secured lien interests in all of Wallin's real and personal property, "including all vehicles and household goods."  (*Id.*)  The Christenson's "judgments," which were submitted as part of the record in this case, do not refer to a court of any kind, do not bear the signature of a judge, and appear to have been drafted by lay persons.  (*See id.*)

The United States filed this action on November 15, 2007, alleging that the documents filed by the Christensons have no legal effect, and that the Christensons filed them merely to harass a federal officer.  (Compl. ¶¶7-8, 15.)  The United States requested an order declaring the documents void, permanently enjoining the Christensons from filing any similar documents, permitting this Court's judgment to be filed with the Iowa Secretary of State, and awarding costs and attorney's fees.  (Compl. ¶¶A-D.)  This action was personally served on the Christensons on December 6, 2007.  (*See* Summons, Docket Nos. 2, 3.)   Rather than filing responsive pleadings, the Christensons returned the Complaint and Summonses to the Court, with the hand-written notation "Refused for Cause Without Dishonor and Without Recourse to Me."  (Docket No. 4.)

On February 8, 2008, the United States filed an Application for Entry of Default, and on February 20, 2008, the Clerk of Court filed an Entry of Default.  (Docket Nos. 5, 7.)  After these documents were delivered to the Christensons, they sent a letter to the Court characterizing this lawsuit as "fraudulent," contending that a Department of Justice ("DOJ") tax attorney would be personally liable for their losses if she did not "correct" her "biased actions," and indicating that the Application for Entry of Default was

"Refused for Cause."  (Docket No. 9.)  Later, on March 13, 2008, the Christensons filed a purported "default judgment" against the "biased" DOJ tax attorney referenced in their prior letter.  (Docket No. 12.)

On April 17, 2008, the United States moved for Entry of Judgment by Default. (Docket No. 16.)[1]   The United States specifically requested (1) judgment that the Christenson's filings with the Iowa Secretary of State are "null, void, and without legal effect," and (2) a permanent injunction preventing the Christensons from filing similar documents against government agents.  (*Id*. at 14.)  Following a hearing on that motion, the Magistrate Judge filed a Report and Recommendation recommending that this Court grant the relief requested by the United States.  (Docket No. 22.)  The Christensons now object to that recommendation.

## ANALYSIS

Christenson's sole objection is that the Court lacks subject matter jurisdiction over this action.  The Court disagrees.  28 U.S.C. § 1340 grants original jurisdiction to federal district courts over "any civil action arising under any Act of Congress providing for internal revenue."  In addition, under 26 U.S.C. § 7402(a), federal district courts have jurisdiction "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."  As the Magistrate Judge noted, the Eighth

---

[1] On May 15, 2008, the Christensons filed for bankruptcy.  On August 6, 2008, the Magistrate Judge noted that while a Notice of Filing Bankruptcy had been filed in two other cases involving the Christensons, no such notice had been filed in this case.  (Docket No. 21.) The Magistrate Judge indicated that if any party believed that this case was subject to an automatic bankruptcy stay, a notice must be filed by August 11, 2008.  (*Id*.)  No notice was filed before August 11, 2008, or any time thereafter.

Circuit has concluded on several occasions that these statutes give federal courts jurisdiction to void baseless "liens" filed against IRS agents, and to issue injunctions preventing the filing of such "liens" in the future.  *See Searcy v. Donelson*, 204 F.3d 797, 799 (8th Cir. 2000); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983).  Here, the Christensons have offered no factual basis or legal authority for the filing of their "liens." Accordingly, as in *Searcy* and *Hart*, this Court has subject matter jurisdiction over this action.  The Christensons' objection is overruled, and the Report and Recommendation of the Magistrate Judge is adopted.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** the Christensons' objection [Docket No. 23] and **ADOPTS t**he Report and Recommendation of the Magistrate Judge [Docket No. 22].  Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Motion for Default Judgment [Docket No. 16] is **GRANTED** as follows:

   a.   The documents filed by defendants Anita R. Christenson and Gerald O. Christenson with the Iowa Secretary of State are null, void, and of no legal effect.  This Order does not apply to any copies of IRS Form Letter 3174 attached to the voided documents by the Christensons.

   b.   Anita R. Christenson, Gerald O. Christenson, and their agents, employees, and all others in active concert or participation with them, are permanently enjoined from filing or attempting to file any document or instrument which purports to create any nonconsensual lien or encumbrance against

the person or property of Richard A. Wallin or any judicial officer or Government employee or officer.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  December 15, 2008
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge